UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CCM PATHFINDER GRAMERCY, LLC, | ) ) 08 Civ. 5298 (JSR) ) |
| Plaintiff, | ) ANSWER and AFFIRMATIVE DEFENSES ) OF COMPASS FINANCIAL PARTNERS |
| -against- | ) LLC and COMPASS USA SPE LLC ) |
| COMPASS FINANCIAL PARTNERS LLC and COMPASS USA SPE LLC, | ) ) ) |
| Defendants. | ) |

Defendants Compass Financial Partners LLC and Compass USA SPE LLC (together, "Compass") by and through their attorneys, Milbank, Tweed, Hadley & McCloy LLP, answer the Complaint of CCM Pathfinder Gramercy ("CCM Pathfinder") as follows (each number below corresponds to the numbered paragraph in the Complaint):

### I.  Nature of Action

1. Compass denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint.

2. Compass denies the allegations contained in Paragraph 2 of the Complaint.

### II.  Parties, Jurisdiction and Venue

3. Compass denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint.

4. Compass admits that Compass Financial Partners LLC is a Delaware limited liability company with its principal place of business in New York, New York. Except as

expressly admitted, Compass denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Compass admits that Compass USA SPE LLC is a Delaware limited liability company with its principal place of business in New York, New York. Except as expressly admitted, Compass denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Compass denies the allegations contained in Paragraph 6 of the Complaint.

### III. Background Facts

**A.    The Loan Servicing Agreements**

7. Compass admits that it is the successor in interest to USA Commercial Mortgage Company ("USA") as the loan servicer under certain Loan Servicing Agreements relating to the Loan (as that term is defined in Paragraph 1 of the Complaint). Except as expressly admitted, Compass denies knowledge or information sufficient to form a belief as to the allegations contained Paragraph 7 of the Complaint.

8. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Compass refers to the Loan Servicing Agreement for a complete and accurate statement of its contents. Compass denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Compass admits that is acquired the servicing rights to certain loans on February 16, 2007. Except as expressly admitted, Compass denies the allegations in paragraph 10 of the Complaint.

**B.     The Loan**

11.     Compass admits that the Loan is evidenced by a Promissory Note Secured by Mortgage dated June 20, 2004 in the principal face amount o f $10,462, 500 (the "Note"), which subsequently increased to $34,384,500 (the "Note"), executed by Gramercy Court, Ltd. (the "Borrower"). Except as expressly admitted, Compass denies knowledge or information sufficient to form a belief as to the allegations contained Paragraph 11 of the Complaint.

12.     Compass refers to the Note for a true and accurate statement of its contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 12 of the Complaint.

13.     Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Compass refers to the Deed of Trust for a true and accurate statement of its contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 14 of the Complaint.

Compass refers to the Note for a true and accurate statement of its contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 12 of the Complaint.

**C.     Compass Did Not Demand the Payment of Unauthorized Late Charges.**

15.     Compass denies the allegations contained in Paragraph 16 of the Complaint.

16.     Compass refers to the Loan Servicing Agreements for a true and accurate statement of their contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 17 of the Complaint.

17.     Compass refers to the Accounting for a true and accurate statement of its

contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 18 of the Complaint.

18. Compass denies the allegations contained in Paragraph 19 of the Complaint.

19. Compass denies the allegations contained in Paragraph 20 of the Complaint.

20. Compass denies the allegations contained in Paragraph 21 of the Complaint.

21. Compass refers to the Loan Servicing Agreements for a true and accurate statement of their contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 22 of the Complaint.

**D.    Compass Did Not Demand, Without Basis, That CCM Pathfinder Pay Default Interest**

22. Compass refers to the Accounting for a true and accurate statement of its contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 23 of the Complaint.

23. Compass refers to the Accounting for a true and accurate statement of its contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 24 of the Complaint.

24. Compass denies the allegations contained in Paragraph 25 of the Complaint.

**E.    Compass Did Not Wrongfully Compound Default Interest**

25. Compass refers to the Note for a true and accurate statement of its

contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 26 of the Complaint.

26. Compass refers to the Note for a true and accurate statement of its contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 27 of the Complaint.

27. Compass refers to the Note for a true and accurate statement of its contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 28 of the Complaint.

28. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

F. **Compass Does Not Demand Usurious and Unreasonable Charges.**

29. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

30. Compass refers to the Note for a true and accurate statement of its contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 31 of the Complaint.

31. Compass denies the allegations contained in Paragraph 32 of the Complaint.

32. Compass denies the allegations contained in Paragraph 33 of the Complaint.

33. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

34. Compass refers to the Note for a true and accurate statement of its

contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 35 of the Complaint.

35. Compass denies the allegations contained in Paragraph 36 of the Complaint.

36. Compass denies the allegations contained in Paragraph 37 of the Complaint.

### G. **Compass Correctly Asserts Priority**

37. Compass refers to the Loan Servicing Agreements for a true and accurate statement of their contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 38 of the Complaint.

38. Compass denies the allegations contained in Paragraph 39 of the Complaint.

39. Compass refers to the Loan Servicing Agreements for a true and accurate statement of their contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 38 of the Complaint.

40. Compass denies the allegations contained in Paragraph 41 of the Complaint.

41. Compass refers to the Note for a true and accurate statement of its contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 42 of the Complaint.

42. Compass refers to the Note for a true and accurate statement of its contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 43 of the Complaint.

43. Compass denies the allegations contained in Paragraph 43 of the Complaint.

44. Compass refers to the Loan Servicing Agreements for a true and accurate statement of their contents. Except as expressly admitted, Compass denies the allegations contained in Paragraph 44 of the Complaint.

45. Compass denies the allegations contained in Paragraph 45 of the Complaint.

46. Compass denies the allegations contained in Paragraph 46 of the Complaint.

**H.    Compass Has Provided Adequate Information and Has Properly Managed the Property**

47. Compass admits that the Borrower sought Bankruptcy protection in the United States District Court, Southern District of Texas on April 3, 2007 and that on March 7, 2008, the Bankruptcy Court granted leave for the Deed of Trust to be foreclosed. Compass further admits that the foreclosure sale was completed on April 1, 2008. Except as expressly admitted, Compass denies the allegations contained in Paragraph 47 of the Complaint.

48. Compass denies the allegations contained in Paragraph 48 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

49. Compass incorporates by reference its answers in Paragraphs 1 through 38 above as if set forth in full herein.

50. Compass admits that it is a party to the Loan Servicing Agreements. Except as expressly admitted, Compass denies knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 50 of the Complaint and therefore denies the same.

51. Compass refers to the Loan Servicing Agreement for a complete and accurate statement of its contents. Compass denies the remaining allegations in Paragraph 51 of the Complaint.

52. Compass denies the allegations contained in Paragraph 52 of the Complaint.

53. Compass denies the allegations contained in Paragraph 53 of the Complaint.

54. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)

55. Compass incorporates by reference its answers in Paragraphs 1 through 54 above as if set forth in full herein.

56. Compass denies the allegations contained in Paragraph 56 of the Complaint.

57. Compass denies the allegations contained in Paragraph 57 of the Complaint.

58. Compass denies the allegations contained in Paragraph 58 of the Complaint.

59. Compass denies the allegations contained in Paragraph 59 of the Complaint.

60. Compass denies the allegations contained in Paragraph 60 of the

Complaint.

### THIRD CAUSE OF ACTION
### (Declaratory Relief)

61. Compass incorporates by reference its answers in Paragraphs 1 through 60 above as if set forth in full herein.

62. Compass denies the allegations contained in Paragraph 62 of the Complaint.

63. Compass denies the allegations contained in Paragraph 63 of the Complaint.

64. Compass denies the allegations contained in Paragraph 64 of the Complaint.

65. Compass denies the allegations contained in Paragraph 65 of the Complaint.

### FIFTH CAUSE OF ACTION
### (Accounting)

66. Compass incorporates by reference its answers in Paragraphs 1 through 65 above as if set forth in full herein.

67. Compass denies the allegations contained in Paragraph 67 of the Complaint.

68. Compass denies the allegations contained in Paragraph 68 of the Complaint.

### General Denial

Compass denies each and every allegation not specifically admitted herein.

### Request for Relief

WHEREFORE, Compass respectfully requests that this Court dismiss, with prejudice, the claims alleged against it or that judgment be entered in favor of Compass with costs and attorneys' fees assessed in favor of Compass and against CCM Pathfinder Pompano Bay, LLC.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim thereof, fails to state a cause of action against Compass upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, by reason of res judicata because the issues presented are identical to those presented in the Bankruptcy and CCM Pathfinder, its agents, and assignors were parties or in privity with parties in the prior action.

### FOURTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, by the doctrines of unclean hands and CCM Pathfinder's inequitable conduct.

### FIFTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, because CCM Pathfinder suffered no cognizable injury as a result of any conduct by Compass.

### SIXTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, by the doctrine of laches. CCM Pathfinder unreasonably delayed in asserting the subject claims.

### SEVENTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, by the doctrine of waiver. CCM Pathfinder, by its actions or inactions, has waived the right to pursue any claim.

### EIGHTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, because CCM Pathfinder lacks

standing or the capacity to assert the subject.

### NINTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, because CCM Pathfinder failed to mitigate damages. Any damages suffered by CCM Pathfinder were caused by CCM Pathfinder.

### TENTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, because at all times Compass acted in good faith and without the intent to deceive.

### ELEVENTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, because they are not yet ripe for judicial determination.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants allege that Venue in this district is improper and/or subject to transfer for forum non conveniens. Venue in this action should be transferred to the United States District Court, District of Nevada.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Compass presently lacks sufficient knowledge or information to form a belief as to whether it may have additional affirmative defense and expressly reserves any and all rights to assert additional affirmative defenses in the event Compass discovers facts supporting such defenses.

Dated: New York, New York

      June 17, 2008

                          MILBANK, TWEED, HADLEY & McCLOY LLP

                          By: _____
                              Scott Edelman
                              Linda Dakin-Grimm

Daniel Perry
Tyson Lomazow
1 Chase Manhattan Plaza
New York, NY  10005-1413
(212) 530-5000
*Attorneys for Defendants Compass Financial*
*Partners LLC and Compass USA SPE LLC*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CCM PATHFINDER GRAMERCY, LLC, | ) ) ) | 08 Civ. 5298 (JSR) |
| Plaintiff, | ) ) ) | CERTIFICATE OF SERVICE |
| -against- | ) ) | |
| COMPASS FINANCIAL PARTNERS LLC and COMPASS USA SPE LLC, | ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2008, I caused a true and correct copy of the ANSWER and COUNTERCLAIMS to be served by Federal Express and the Court's ECF System upon the following:

>Betty M. Shumener
>Todd B. Marcus
>Robert J. Odson
>DLA Piper US LLP
>1251 Avenue of the Americas
>New York, NY 10020
>(212) 335-4500

DATED:   June 17, 2008

By: _____