Scott A. Edelman (SE-5247)
Daniel M. Perry (DP-6966)
MILBANK, TWEED, HADLEY & McCLOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413
(212) 530-5000

*Counsel for Compass Financial Partners LLC and
Compass USA SPE LLC*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CCM PATHFINDER GRAMERCY, LLC | Case No: 08 Civ. 5298 (JSR) |
| Plaintiff, | |
| -against- | **SUPPLEMENTAL REPLY IN SUPPORT OF COMPASS'S MOTION FOR ORDER TRANSFERRING VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA** |
| COMPASS FINANCIAL PARTNERS LLC and COMPASS USA SPE LLC, | |
| Defendants. | |

In the briefing on the Motion to Transfer Venue, the parties disputed the implications of a possible settlement of the prior-filed Nevada Action on this Court's decision whether or not to transfer. Compass committed to update the Court in the event that the case was settled. (Venue Transfer Reply Brief at 3.)

A settlement has now been reached in the Nevada Action. While settlement has not yet been approved, the settlement is moving forward and rulings were made in the Nevada Litigation on August 11, 2008 (over the objections of counsel for Plaintiffs herein) that bear directly on these proceedings. A copy of the August 11, 2008 transcript is attached as Exhibit A to the Declaration of Daniel M. Perry filed herewith.

The background is as follows: on July 25, 2008, Compass and the Receiver appointed to manage the affairs of the LLC plaintiffs (representing the interests of hundreds of Direct

Lenders) in the Nevada Litigation executed a settlement agreement. That agreement was submitted for preliminary approval to the Nevada District Court. The settlement papers are attached as Exhibit B to the Perry Declaration. The proposed agreement contemplates the filing and subsequent settlement of a class action lawsuit on behalf of a mandatory class of *all* Direct Lenders (including Plaintiffs in the New York Actions) pursuant to Rule 23(b)(1) and (2) of the Federal Rules of Civil Procedure.

A number of the settlement terms make the case for transfer even stronger than it was previously. Those terms include:

- The proposed settlement is ***a non-opt out settlement*** that, if approved, will bind the Plaintiffs herein, and all of the other Direct Lenders.
- Under the proposed settlement, Plaintiffs and other Direct Lenders will release claims against Compass, such that the claims asserted herein will have been released.
- Compass and all of the other Direct Lenders (including Plaintiffs herein) will compromise their competing declaratory judgment actions concerning the "waterfall" and all claims for damages.
- Compass will be replaced as loan servicer on all loans—including those at issue in these proceedings, by a loan servicer selected by the Receiver.

A preliminary hearing on the proposed settlement took place in the Nevada Litigation on August 11, 2008. Plaintiffs herein were represented at that hearing by the same counsel representing them here, Ms. Shumener. (Perry Decl. Ex. A at 6:21-23.) Plaintiff's counsel made substantive arguments in an attempt to defeat the settlement. (*Id.* at 105:20-115:18.)

Although Judge Jones did not preliminarily approve the settlement of the Nevada Litigation at that hearing, he indicated that he will consider approval of the settlement after he is provided with supporting analysis of the terms. (*Id.* at 121:13-127:5.) Most importantly for purposes of these motions, Judge Jones ruled that the settlement he eventually approves will be a non-opt-out class – *which plainly will include Plaintiffs in this case.* (*Id.* at 118:21-120:25.)

Moreover, when Plaintiff's counsel herein participated in dialog with Judge Jones after his rulings, seeking his guidance on an alternative settlement structure that would permit the initiation of separate litigation against Compass in other forums (without informing Judge Jones during the hearing that Plaintiff had already commenced this pending litigation in New York and was resisting having it transferred to him), Judge Jones stated that such litigation would not be permitted, as it would completely undermine the purpose of the settlement in progress. (*Id.* at 139:15-141:18.)

If the Nevada Court approves the settlement, these New York actions will be subject to dismissal. And it would make no sense for the parties or the New York courts to waste their time with these actions. The Nevada Court has already begun the process of evaluating the reasonableness of the settlement. After the required analysis is presented to the Nevada Court, that Court will make determinations about the factual and legal strengths and weaknesses of Plaintiffs' claims in passing on the fairness of the settlement. Plaintiffs have actively participated in that now-ongoing process in Nevada. It makes no sense to duplicate the case in the New York Courts. Finally, even if the settlement ultimately were not approved, transfer of this case to Nevada would remain appropriate; it makes no sense to have another court start the adjudicatory process from scratch once the Nevada Court has supervised discovery, evaluated the dispute, and engaged in its own adjudicatory process.

Dated: August 14, 2008

                                  MILBANK, TWEED, HADLEY & McCLOY LLP

                                  By: _/s/ Dan Perry_____
                                      Scott A. Edelman (SE 5247)
                                      Daniel M. Perry (DP 6966)
                                      1 Chase Manhattan Plaza
                                      New York, NY  10005-1413
                                      (212) 530-5000

                                      *Attorneys for Defendants Compass Financial*
                                      *Partners LLC and Compass USA SPE LLC*